**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SUZANNE STORMENT,

       Plaintiff,

v.                                         Case No. 21-cv-898

WALGREEN, CO., an Illinois Corporation, and
DOES 1-10,

       Defendants.

## NOTICE OF REMOVAL

Defendant Walgreen, Co. ("Walgreens"), by and through its counsel of record, Modrall, Sperling, Roehl, Harris & Sisk, hereby removes this action pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1442, and 1446 from the State of New Mexico, County of Bernalillo, Second Judicial District Court, to the United States District Court for the District of New Mexico. Walgreens files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. This Court has original jurisdiction over this action because diversity of citizenship exists between Plaintiff and Walgreens and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has jurisdiction because Plaintiff's complaint sets forth a federal question under the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e. Finally, Walgreens was acting at the direction of a federal officer and may remove this action pursuant to 28 U.S.C. § 1442(a)(1).

In support of this removal, Walgreens states as follows:

## I.    Introduction

1.      On August 13, 2021, Plaintiff Suzanne Storment filed a lawsuit against Walgreens in the State of New Mexico, County of Bernalillo, Second Judicial District Court, captioned as

*Suzanne Storment v. Walgreen Co., an Illinois Corporation, and Does 1-10*, No. D-202-CV-2021-04807. A true and correct copy of the Complaint and all documents filed in the Second Judicial District Court are attached hereto as **Exhibit A** pursuant to 28 U.S.C. § 1446(a) and D.N.M. LR-Civ. 81.1(a). Plaintiff served the Complaint on Walgreens on August 16, 2021.

2.     In Plaintiff's Complaint, she alleges that in connection with the COVID-19 vaccine administered to her by the Walgreens pharmacy department she felt dizzy and fell, injuring herself. Exhibit A, Complaint, ¶¶ 11-14. Plaintiff alleges that as part of Walgreens' COVID-19 vaccination program, it should have provided seating for those recently inoculated, and negligently failed to do so. *Id.* ¶¶ 19, 21, 31-35, 42-43.

3.     Plaintiff states she suffered physical, mental, and emotional injuries. *Id.* ¶¶ 23-24, 36-40, 44-49, 52-54. Plaintiff claims that as a result of her fall, she "sustained a compound fracture of the left elbow with fractures in both radial and ulnar bones with dislocation of the elbow." Exhibit A, Complaint, ¶ 52. Plaintiff seeks to recover damages for "past, present, and future medical care as allowed for specialized life care planning and attention on a daily basis . . . pain and suffering, loss of enjoyment of life (hedonic damages), and for all necessary and related losses for care and treatment." *Id.* at ¶ 54.

4.     The face of Plaintiff's Complaint does not pray for a specific amount of damages.

5.     Removal of this action is timely pursuant to 28 U.S.C. § 1441 and § 1446(b) as it is filed within 30 days after Walgreens' receipt of a "copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

6.     As set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1442 because Walgreens has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331-1332.

**II.**     **The Procedural Requirements for Removal Have Been Satisfied**

7.       The United State District Court for the District of New Mexico is the Federal Judicial District encompassing the Second Judicial district Court for Bernalillo County, New Mexico, where this lawsuit was originally filed. Venue is therefore proper in this District under 28 U.S.C. § 1441(a) because it is the District Court embracing the place where this action is pending.

8.       Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint, Summons, and all other pleadings filed in the Second Judicial District are attached hereto as Exhibit A.

9.       Pursuant to U.S.C. § 1446(a), a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Second Judicial District Court for Bernalillo County, New Mexico.

10.      No previous application has been made for the relief requested herein.

11.      No responsive pleadings to Plaintiff's Complaint have been filed in the state court action and no other parties have appeared in that proceeding.

12.      Consent of "all defendants who have been properly joined and served" is required to properly effectuate removal. 28 U.S.C. § 1446(b)(2)(A). Walgreens is the only defendant in this action that has been properly served, and, having filed this Notice, Walgreens necessarily consents to removal.

**III.**    **Removal is Proper Because This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332.**

13.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, which provides for original jurisdiction over lawsuits where there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000); *Symes v. Harris*, 472 F.3d 754 (10th Cir. 2006).

**A.  Complete Diversity of Citizenship Exists Between the Relevant Parties**

14.     Diversity jurisdiction is determined "based on the facts as they existed at the time the complaint was filed." *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011).  Under 28 U.S.C. § 1332, "[d]iversity for purposes of jurisdiction of federal court means total diversity, that is, all parties on one side must have citizenship diverse to those on the other side."  *Knoll v. Knoll*, 350 F.2d 407 (10th Cir. 1965).

15.     Plaintiff is, and was at the time this suit was filed, a citizen of the State of New Mexico. Exhibit A, Complaint, ¶ 2.

16.     Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business."

17.     Walgreens is a foreign corporation, organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois. *See* Exhibit A, Complaint, ¶ 3.

18.     Accordingly, Walgreens is not a citizen of the State of New Mexico for diversity purposes.

19.     The citizenship of "Does 1-10," who have been sued under a fictitious name, must be disregarded for the purpose of diversity jurisdiction. *See* 28 U.S.C. § 1441(a) ("for purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded")' *see also Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 2006 U.S. App. LEXIS 2909, *11-13 (10th Cir. 2006) ("John Doe" parties are disregarded for purposes of removal on the basis of diversity of citizenship).

20.     Because Plaintiff is a citizen of New Mexico, Walgreens is a citizen of Illinois, and the citizenship of "Does 1-10" is irrelevant to removal based on diversity jurisdiction, complete diversity of citizenship exists as required by 28 U.S.C. § 1332.

**B.  The Amount in Controversy Requirement is Satisfied.**

21.     Here, the face of Plaintiff's Complaint does not pray for a specific amount of damages. Plaintiff instead claims damages for past and future medical expenses; past and future physical pain; past and future mental suffering; past and future loss of the enjoyment of life; lost earning capacity, and pre- and post-judgment interest. Exhibit A, Complaint ¶¶ 53-54.

22.     "[I]n the absence of an explicit demand for more than $75,000, . . . the defendant may rely on an estimate of the potential damages from the allegations in the complaint." *McPhail v. Deere & Co*., 529 F.3d 947, 955 (10th Cir. 2008) (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)). "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *Id.*; *Enriquez v. Almaraz*, No. 19-CV-15-MV-KBM, 2019 WL 2330880, at *1 (D.N.M. May 31, 2019).

23.     "The Supreme Court of the United States of America recently clarified that a defendant seeking removal to federal court need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Graham v. Troncoso*, 2015 WL 1568433, at *6 (D.N.M. Mar. 30, 2015) (citing *Dart Cherokee Basin Operating Co. v. Owen*, 135 S.Ct. 547, 554 (2014)). The district court should consider outside evidence to find whether the amount in controversy requirement is satisfied "only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

24.     "A defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *McPhail,* 529 F.3d at 954.

25.     In the Complaint, Plaintiff claims she "suffered a compound fracture of the left elbow with fractures in both radial and ulnar bones with dislocation of the elbow" which required surgical intervention. Exhibit A, Complaint ¶¶ 18, 23. Plaintiff claims this injury caused her "significant pain," "loss of use of her left arm," and has rendered her "incapable of any gainful activity." *Id.* ¶¶ 22, 53. In addition to past and future medical expenses, lost earning capacity, and loss of the enjoyment of life, Plaintiff is also seeking damages for physical and mental pain and suffering. *Id.* ¶¶ 53-54.

26.     Juries in New Mexico have awarded compensatory damages in excess of the jurisdictional threshold in cases where a plaintiff suffers a fracture as a result of a fall on premises owned by the defendant. *See e.g., Williams v. Larry H. Miller Corp.*, JVR No. 1211200029 (N.M. Dist. Ct. Bernalillo County 2012) 2012 WL 5872615 (jury awarded $200,000 in premises liability action where plaintiff tripped over an obstruction on defendant's property and fractured her wrist); *Christie v. University of New Mexico*, JVR No. 462309 (N.M. Dist. Ct. 2004) 2004 WL 5316894 (jury awarded $225,169 in premises liability action where plaintiff slipped on ice and suffered a fractured patella); *Marquez v. Pham*, JVR No. 1412210005 (N.M. Dist. Ct. Bernalillo County 2014) 2014 WL 7339049 (jury awarded $100,000 for fractured femur plaintiff suffered falling out of a pedicure chair on defendant's premises); *Sandoval v. McDougal*, JVR No. 179463 (N.M. Dist. Ct. Bernalillo County 1995) 1995 WL 871553 (jury awarded $127,992 for fractured jaw plaintiff suffered after a fall on defendant's premises).

27.     A review of jury awards such as these has been sufficient to establish the propriety of removal jurisdiction in individual diversity cases. *Marrujo v. Swift Transportation Co.,* CIV No. 98-1222 BB/DJS, mem. op. (D.N.M. Aug. 6, 1999) (denying remand of removed action based on defendant's analogy to jury verdicts in cases with similar alleged injuries); *see also Woodward*

*v. Newcourt Commercial Finance Corp.*, 60 F.Supp.2d 530, 532 (D.S.C. 1999) (Plaintiff's "claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount").

28.     The above-mentioned cases reference only a fraction of those cases involving negligence, premises liability, and fractured bones. Cases involving fractures severe enough to require surgery, as Plaintiff alleges here, often result in far larger verdicts. *See Rahm v. 24 Hour Fitness USA, Inc.*, JVR No. 1512210020 (Wash. Super. Ct. 2015) 2015 WL 9275725 (jury awarded $1,490,434 to plaintiff who suffered fractured elbow after falling on defendant's premises where fracture required reconstructive surgery); *Michaels v. Taco Bell Corp.*, 13 N.W. P.I. Lit. Rpts. 129 (D. Or. 2013) 2013 WL 3340196 (jury awarded $800,000 for fractured elbow suffered in a fall on defendant's premises where fracture required multiple surgeries).

29.     Accordingly, Walgreens has set forth a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *See Graham*, 2015 WL 1568433, at *6. Further, Plaintiff cannot establish that it is legally certain that the controversy is worth less than the jurisdictional minimum. The facts and theories of recovery in Plaintiff's Complaint easily establish that Plaintiff seeks to "put in play" an amount well in excess of $75,000. As such, Walgreens has satisfied the jurisdictional amount threshold.

30.     While Walgreens disputes Plaintiff's claims in her Complaint, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied by the injuries, allegations, and damages Plaintiff has set forth, and this case is therefore appropriate for removal.

## IV.     Removal is Proper Because This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1331.

31.     "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987) ("A federal district court has jurisdiction over cases in which "a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001) (citing 28 U.S.C. § 1441(a)) ("Congress gave federal courts removal jurisdiction over cases initially brought in state court if the federal court could have exercised original jurisdiction.")

32.     Federal question jurisdiction may exist as a result of the "complete [or artful] preemption doctrine," which applies where the preemptive force of a statute "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65, 107 S.Ct. 1542 (1987). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 472, 118 S.Ct. 921 (1998).

33.     On February 4, 2020, the Health and Human Services Secretary issued a Declaration, declaring the Coronavirus Disease 2019 (COVID-19) to be a public health emergency implicating the Public Readiness and Emergency Preparedness Act ("Prep Act") and warranting liability protections for covered countermeasures. Declaration Under the Prep Act for Medical Countermeasures Against COVID–19, 85 Fed. Reg., 15,198 (Mar. 17, 2020) (hereinafter "Emergency Declaration").

34.     The PREP Act is a complete preemption statute for purposes of determining federal question jurisdiction. *Garcia v. Welltower OpCo Group LLC*, 2021 WL 492581, at *7 (C.D. Cal. Feb. 10, 2021) ("the PREP Act provides for complete preemption."); *See also* Advisory Opinion 21-01 On The Public Readiness And Emergency Preparedness Act Scope Of Preemption Provision January 8, 2021; *See e.g.*, Fourth Amendment to the Declaration Under the Public Readiness and

8

Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, 85 Fed. Reg. 79190 (hereinafter "Fourth Amendment").[1]

35.    The OGC Advisory Opinion 21-01 from the Department of Health and Human Services ("HHS") states explicitly "**The PREP Act is a "Complete Preemption" Statute**." Advisory Opinion 21-01, pg. 2 (emphasis original).

36.    The HHS also stated that the directives of the Fourth Amendment support the Court's application of the *Grable* doctrine. Advisory Opinion 21-01, pg. 4. The *Grable* doctrine states, even in the absence of a claim arising under federal law, "a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg*., 545 U.S. 308, 312 (2005); *see also* Fourth Amendment, 85 Fed. Reg. 79190.

37.    Here, Plaintiff's Complaint alleges Walgreens was negligent in the administration of a COVID-19 vaccine. *See* Complaint, ¶¶ 19, 21, 31-35, 42-43, attached hereto as **Exhibit A.**

38.    Plaintiff's complaint implicates the PREP Act, 42 U.S.C. §§ 247d-6d, 247d-6e, because it levels allegations against Walgreens, a "covered person," for losses causally related to the administration of the COVID-19 vaccine, a "covered countermeasure." *See* 42 U.S.C. § 247d-6d(a).

39.    Because Plaintiff's claims arise under Federal law, this Court has original jurisdiction under 28 U.S.C. § 1331.  Walgreens may remove this action pursuant to 28 U.S.C. §

---

[1] Also in the Fourth Amendment to the PREP Act, the HHS Secretary declared that the PREP Act "must be construed in accordance with the advisory opinions on the PREP Act issued by HHS's Office of the General Counsel ("OGC"), and that it "expressly incorporates the Advisory Opinions for that purpose." Fourth Amendment, 85 Fed. Reg. 79190.

1441(a) because it arises under federal law, presents a federal question, and is controlled by federal law.

**V.**  **Removal is Proper Because This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1442(a)(1)**

40.     A defendant is entitled to remove a case to federal court under 28 U.S.C. § 1442 where it can establish: "(1) that it acted under the direction of a federal officer; (2) that there is a causal nexus between the plaintiff's claims and the acts the private corporation performed under the federal officer's direction; and (3) that there is a colorable federal defense to the plaintiff's claims." *Greene v. Citigroup, Inc*., 2000 WL 647190, at *6 (10th Cir. May 19, 2000). That showing need only be made by a preponderance of the evidence. *Dutcher v. Matheson*, 840 F.3d 1183, 1189 (10th Cir. 2016).

41.     Unlike typical motions to remand, removal under § 1442(a) "should not be frustrated by a narrow, grudging interpretation" of the statute. *Willingham v. Morgan*, 395 U.S. 402, 407, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). Rather, § 1442(a) is written broadly "to cover all cases where federal officers can raise a colorable defense" and "to have such defenses litigated in the federal courts." *Id.* at 406-07, 89 S.Ct. 1813.

42.     A non-governmental entity acts under color of a federal officer or agency when its actions "involve an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Watson v. Phillip Morris Companies, Inc*., 551 U.S. 142, 152 (2007) (emphasis in original).

43.     To satisfy 28 U.S.C. § 1442, a defendant need only show that the act that is the subject of the plaintiff's attack "occurred while Defendants were performing their duties." *Isaacson v. Dow Chemical Co.*, 517 F.3d 129, 137-38 (2d Cir. 2008) (emphasis in original).

44.     Accordingly, Walgreens need only to show "that the challenged acts 'occurred because of what they were asked to do by the Government.'" *Goncalves By and Through*

*Goncalves v. Rady Children's Hospital San Diego*, 865 F.3d 1237, 1245 (9th Cir. 2017) (quoting

Isaacson 517 F.3d at 137) (emphasis in original).

45.　　Walgreens' administration, distribution, and dispensing of the COVID-19 vaccines

was pursuant to government directives and criteria, creating a compelling and colorable federal

defense.　*See* Emergency Declaration, 85 Fed. Reg., 15,198; Fourth Amendment, 85 Fed. Reg.

79190. Walgreens acted as a "covered person" under the PREP Act and pursuant to the HHS

Department's directives. *See e.g.*, Emergency Declaration, 85 Fed. Reg., 15,198; Fourth

Amendment, 85 Fed. Reg. 79190.

46.　　Walgreens is authorized to remove this action under 28 U.S.C. § 1442(a)(1)

because, assuming the truth of Plaintiff's allegations, a causal nexus exists between Walgreens'

administration of the COVID-19 vaccines; administered pursuant to a federal officer's directives;

and Walgreens can assert several colorable federal defenses. *See Fields v. Brown*, 2021 WL

510620, at *2 (E.D. Tex. Feb. 11, 2021), motion to certify appeal granted, Fields v. Brown, 2021

WL 2814893, *3 (E.D. Tex. May 14, 2021) (holding that executive order designating defendants'

industry as critical infrastructure is sufficient to conclude that defendants acted under the direction

of a federal officer.)

## VI.　**Conclusion**

47. Walgreens has satisfied all requirements for removal and reserve the right to amend

this Notice.

WHEREFORE, Walgreens respectfully removes this action from the Second Judicial

District Court, County of Bernalillo, State of New Mexico, to this Court, pursuant to 28 U.S.C. §§

1331, 1332, 1441, and 1442.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By: */s/ Alex Walker*                       
    Alex C. Walker
    Bayard Roberts
    Seth J. Barany
    Post Office Box 2168
    500 Fourth Street NW, Suite 1000
    Albuquerque, New Mexico  87103-2168
    Telephone: 505.848.1800
    acw@modrall.com
    bxr@modrall.com
    sbarany@modrall.com

*Attorneys for Defendant Walgreen Co.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of  September, 2021, the foregoing was submitted for filing electronically through the CM/ECF system and also via email to all counsel of record.

Margaret M. Branch
Attorney for Plaintiff
2025 Rio Grande Blvd., NW
Albuquerque, NM 87104
Telephone: 505.243.3500
mbranch@branchlawfirm.com

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By:   */s/ Alex Walker*            
    Alex Walker

*W4147425.DOCX*