IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUZANNE STORMENT,

    Plaintiff,

v.                                                           Civ. No. 1:21-cv-00898 MIS/CG

WALGREEN, CO., and DOES 1–10,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Walgreens' ("Defendant") Motion to Dismiss. ECF No. 3. Plaintiff responded, and Defendant replied. ECF Nos. 11, 14. Plaintiff also requested a hearing. ECF No. 17. Having considered the parties' submissions, the record, and the relevant law, the Court finds a hearing is not necessary and will grant the Motion.

### BACKGROUND

Plaintiff filed her Complaint in state court on August 13, 2021, asserting claims for negligence arising out of injuries she sustained from falling in a Walgreens' parking lot shortly after receiving a COVID-19 vaccine. *See* ECF No. 1-1. Plaintiff alleges that she went to a Walgreens in Albuquerque in February of 2021 for her first COVID-19 vaccination. *Id.* at 4, ¶ 11. She received the vaccination and, because there were no chairs in the store, was advised that she could walk around the store or go sit in her car for 15 minutes to make sure she felt all right after the shot. *Id.* at ¶ 12. Plaintiff alleges she felt a little dizzy and decided to look around the store for somewhere to sit. *Id.* at ¶ 13.

When she did not find a place, she went to her car to sit. *Id.* at ¶ 14. However, when she arrived at her car, she became so dizzy that she fell before she could get seated. *Id.* When she fell, she landed very badly on her elbow and fractured it in multiple locations and required surgery. *Id.* at 5, ¶¶ 17–18.

Defendant removed this action to federal court on September 13, 2021, and moved to dismiss Plaintiff's claims, arguing that it is immune from suit under the Public Readiness and Emergency Preparedness Act ("PREP Act"). *See* ECF Nos. 1, 3.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not impose a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Although the court must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still "must nudge the claim across the line from conceivable or speculative to plausible." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

## DISCUSSION

The PREP Act provides liability protections for persons who administer pandemic countermeasures. *See* 42 U.S.C. § 247d-6d. The Act's immunity provision states:

> [A] covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration [of a public health emergency] has been issued [by the Secretary] with respect to such countermeasure.

§§ 247d-6d(a)(1), 247d-6d(b). The scope of this immunity "applies to *any* claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure, including a causal relationship with the . . . distribution, . . . dispensing, . . . administration, . . . or use of such countermeasure." § 247d-6d(a)(2)(B) (emphasis added).[1]

Defendant argues that it is immune from suit under the PREP Act because Plaintiff's claims relate directly to Defendant's use and administration of a covered countermeasure—the COVID-19 vaccine Plaintiff received. Plaintiff contends that her claims should be construed more broadly because her injury could have happened whether she received a COVID-19 vaccine or any other vaccine. After reviewing the relevant law, the Court is compelled to agree with Defendant. As explained in the statute and below, Plaintiff's remedy for her injuries following her COVID-19 vaccination is through the Countermeasures Injury Compensation Program ("CICP").

A court analyzing the meaning of a statute or regulation should first look at its "plain and unambiguous meaning," and if the language is clear, the analysis ends. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). "The plainness or ambiguity of statutory language

---

[1] The PREP Act provides an exception to immunity for "willful misconduct." *See* §§ 247d-6d(d)(1); 247d-6d(c)(1)(A). Here, Plaintiff has not pleaded facts to support allegations of willful misconduct; thus, the exception has no relevance to the Court's analysis. *See* § 247d-6d(c)(1). Moreover, if she had pleaded willful misconduct, such a claim must be brought in the U.S. District Court for the District of Columbia, and exhaustion under the procedures applicable to the Covered Countermeasure Process Fund is a prerequisite. *See* §§ 247d-6d(e)(1), 247d-6e(d)(1).

3

is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341. In the PREP Act, Congress plainly provided immunity under both federal and state law with respect to *all* claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if the HHS Secretary issues a declaration. *See* 42 U.S.C. § 247d-6d(a)(1). In March 2020, the Secretary issued a declaration regarding the COVID-19 pandemic under the PREP Act. *Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19*, 85 Fed. Reg. 15198-01 (Mar. 10, 2020) ("the Declaration").[2] COVID-19 vaccinations are covered countermeasures, and thus, the PREP Act applies to the facts of this case. *See e.g.*, Fourth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, 85 Fed. Reg. 79190-01.

The PREP Act also created a "Covered Countermeasure Process Fund," "for purposes of providing timely, uniform, and adequate compensation to eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure pursuant to such declaration." § 247d-6e(a). The Health Resources and

---

[2] The Declaration itself explains:
 [T]he Act precludes a liability claim relating to the management and operation of a countermeasure distribution program or site, such as a slip-and-fall injury or vehicle collision by a recipient receiving a countermeasure at a retail store serving as an administration or dispensing location that alleges, for example, lax security or chaotic crowd control. However, a liability claim alleging an injury occurring at the site that was not directly related to the countermeasure activities is not covered, such as a slip and fall with no direct connection to the countermeasure's administration or use. In each case, whether immunity is applicable will depend on the particular facts and circumstances.
Declaration.

Services Administration ("HRSA")[3] administers the program. *See Countermeasures Injury Compensation Program (CICP)* (Nov. 2020), https://www.hrsa.gov/cicp. To file for benefits, an injured person submits a Request Packet to the CICP, which can be done electronically or by mail. *Filing for Benefits* (Apr. 2022), https://www.hrsa.gov/cicp/filing-benefits. The request will be reviewed, more information may be requested, and the agency will make a determination.[4] *See id.* There is no judicial review of the agency's actions; the process is purely administrative. § 247d-6e(b)(5)(C). Notably, there are currently numerous claims pending with CICP based on fainting following a COVID-19 vaccination. *See* Table 1. Alleged COVID-19 Countermeasure Claims Filed as of July 1, 2022, *CICP Data* (July 2022), https://www.hrsa.gov/cicp/cicp-data.

Here, Plaintiff's Complaint alleges that she went to Walgreens for her COVID-19 vaccination, received such vaccination but then had no chairs to sit on for monitoring immediately following inoculation. ECF No. 1-1 at 4, ¶¶ 11–12. Thus, she ultimately went to the parking lot to sit in her car but became dizzy and fell before she could get seated. *Id.* at ¶¶ 13–14. She fell to the pavement and fractured her elbow in multiple locations. *Id.* at ¶¶ 17–18. This chain of events is unfortunate and certainly deserving of a remedy, but

---

[3] HRSA is an agency of the United States Department of Health and Human Services. *See* https://www.hhs.gov/ (scroll to "Explore Our Agencies") (last visited July 22, 2022).

[4] Importantly, there is a one-year filing deadline from the date of the injury that has a very limited exception. *See Filing for Benefits* (Apr. 2022), https://www.hrsa.gov/cicp/filing-benefits. In this case, the Court notes that Plaintiff is unfortunately past such deadline at this time, if she has not already filed a request with CICP. However, it appears, from information provided by HRSA, that the exception may apply to a larger group than normal for claims relating to injuries from a COVID vaccine. To implement the Covered Countermeasure Process Fund, the Act directs the Secretary to "establish a table identifying covered injuries that shall be presumed to be directly caused by the administration or use of a covered countermeasure." § 247d-6e(b)(5)(A). For COVID-19, the Countermeasure Injury Table has not yet been published. *See Filing for Benefits* (Apr. 2022), https://www.hrsa.gov/cicp/filing-benefits. In light of this, the instructional video published by the agency indicates that, after the table is published, they intend to contact persons who missed the deadline, presumably to see if the exception applies to the person's case. *See id.*

it cannot be divorced from the administration of a covered countermeasure—the COVID-19 vaccine she received. Plaintiff appears to argue that because her injuries *could have* resulted from any vaccination or other medical procedure at Walgreens, the Court should find the PREP Act not applicable. *See* ECF No. 11 at 4. While it is true that other vaccinations or procedures might also leave customers dizzy, this does not change the fact that Plaintiff's injuries actually resulted from administration of the COVID-19 vaccine. The PREP Act therefore applies. *See* § 247d-6d(a)(1) ("[A] covered person shall be immune from suit and liability under Federal *and* State law with respect to *all claims* for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure.") (emphasis added). Plaintiff provided no caselaw to support the it-could-have-been-a-different-vaccine argument or to show that the PREP Act did not apply in a factually similar case. *See generally* ECF No. 11. In its own research, the Court found none. Because Plaintiff's claims cannot be divorced from the facts of the incident, there is no plausible way that amendment would alter the outcome, and dismissal will be with prejudice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss, ECF No. 3, is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE